STATE *vs.* JAMES F. FINLEY.

*Criminal Law—Assault und Battery—Husband and Wife—Wife
Beating—Penalty—Corporal Punishment—Court;
Discretion of—Statute—Fine Imposed—
To Whom Payable.*

The statute in relation to the punishment of wife-beaters, approved February
22, 1901 (*22, Del. Laws, 493*) gives to the Court the discretion to impose
the whipping or not. The whipping may be imposed, or fine or imprisonment,
in the discretion of the Court. The fine imposed, until some further order of the
Court, is payable to the Clerk of the Peace.

(*February 5, 1902.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Herbert H. Ward,* Attorney-General, for the State.

*John F. Lynn* for the defendant.

Court of General Sessions, New Castle County, February
Term, 1902.

ASSAULT AND BATTERY.

The defendant was indicted at this term for assault and bat-
tery upon his wife and entered a plea of guilty.

The defendant, through his counsel, made the following state-
ment of facts to the Court:

That he was an engineer in the employ of the Pennsylvania
Railroad Company, and had been such for a number of years; that
he had been married twenty-four years and had a family of six
children; that the alleged assault took place on the twenty-third
day of December, 1901, while he was engaged in moving his family
from Seventh and Orange Streets to No. 102 West Seventh Street,
in the City of Wilmington; that while he perhaps used more vio-
lence toward his wife than was necessary, yet he could establish to

the satisfaction of the Court that he had for a long time been seriously troubled with his wife from the fact that she had been using intoxicating liquors to excess for years, so much so that she had been, on more than one occasion, arrested and brought before the Municipal Court of the City of Wilmington, and there fined for drunkenness; that she had habitually neglected her family, while the defendant was attending to his duties on the Railroad as engineer, leaving a seven-years' old child with a small baby alone in the house for twenty-four hours at a time; that on the day of the assault his wife was drinking and they got into some dispute in which she cursed him and called him vile names and struck him, and that he then struck her.

The previous good character of the defendant for peace and good order was admitted. The State also admitted that the injuries to the wife were not of a permanent character.

LORE, C. J.:—The sentence of the Court, in your case, James F. Finley, is that you forfeit and pay a fine of fifty dollars; that you pay the costs of this prosecution; and you are now committed to the custody of the Board of Trustees of the New Castle County Workhouse until this sentence is carried into effect.

The statute, approved February 22, 1901, (*22 Delaware Laws, 493*) under which the prisoner is fined, gives the Court the discretion to impose the whipping in such cases or not. We may impose the whipping, or we may fine or imprison in the discretion of the Court.

The new law vests in the Trustees of the New Castle County Workhouse all the powers heretofore vested in the Sheriff, but until some further order is made by the Court, this fine will be paid to the Clerk of the Peace.